ROTHERY STORAGE & VAN CO., et al., Plaintiffs,

v.

ATLAS VAN LINES, INC., et al., Defendants.

Civ. A. No. 83–450.

United States District Court, District of Columbia.

Oct. 4, 1983.

---

C. Jack Pearce, Robert J. Gallagher, Keith I. Clearwaters, Washington, D.C., for plaintiffs.

Stanley S. Harris, U.S. Atty., Royce C. Lamberth, Jason D. Kogan, Asst. U.S. Attys., Washington, D.C., for defendants; John Broadley, Gen. Counsel, Lawrence H.

Richmond, Deputy Associate Gen. Counsel, Edward J. O'Meara, I.C.C., Washington, D.C., of counsel.

## MEMORANDUM

OBERDORFER, District Judge.

This case is before the Court on plaintiffs' motion for attorneys' fees from the United States pursuant to section 204(a) of the Equal Access to Justice Act (the Act), 28 U.S.C. § 2412. Under that section, prevailing parties in a suit brought against the United States are entitled to attorneys' fees unless the position of the United States was substantially justified or special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). Because the position of the United States in this lawsuit was "substantially justified" as that phrase has been interpreted in this Circuit, plaintiffs' application is denied in an accompanying Order.

The circumstances surrounding plaintiffs' fee application are unusual. Plaintiffs are household goods moving firms associated with defendant Atlas Van Lines (Atlas). In March, 1982, Atlas announced its intention to withdraw from a pooling agreement approved by the Interstate Commerce Commission (ICC) under which plaintiffs acted as interstate carrier-agents for Atlas. After the withdrawal, plaintiffs would be unable to act in such a capacity. Plaintiffs filed a petition with the ICC on June 11, 1982, seeking a ruling that Atlas's withdrawal from the pooling agreement would be illegal. The ICC dismissed the petition in August, 1982, on the ground that the ICC lacked jurisdiction over the dispute since it apparently did not involve an agreement among common carriers. The Commission conducted further proceedings, however, on whether the Atlas withdrawal might fall within its jurisdiction on the grounds that Atlas was willing to affiliate with non-carrier agents who were owned or controlled by competing common carriers. On February 17, 1983, plaintiffs filed this lawsuit against both Atlas and the ICC, seeking an injunction and treble damages from Atlas and a writ of mandamus to the ICC requiring the issuance of an opinion on whether it has jurisdiction over Atlas's withdrawal. On the same day, the Commission issued the opinion sought by the plaintiffs. Plaintiffs maintain in their application that this lawsuit prompted the issuance of the opinion. The ICC vigorously denies this.

It is not necessary to decide here whether plaintiffs would be "prevailing parties" under 28 U.S.C. § 2412 if their complaint was in fact the catalyst that caused the ICC to issue its decision. *Cf. Environmental Defense Fund, Inc. v. Environmental Protection Agency*, 716 F.2d 915 at 919 (D.C.Cir. 1983). It is enough to note that our Court of Appeals has recently observed that when the government capitulates at such an early stage of the litigation that it does not even answer the complaint, its position is substantially justified and it should not be held liable for attorneys' fees. *Spencer v. National Labor Relations Board*, 712 F.2d 539, at 555, 556 & n. 60 (D.C.Cir.1983). While the government's actions here could hardly be described as capitulation, they provided plaintiffs with the complete relief sought within hours of the filing of the complaint.

Moreover, even if it remained arguable after *Spencer* that the government's position was not substantially justified, the government's instant actions affording the relief sought are "special circumstances which make an award unjust," as those terms are used in the Act. As the Court of Appeals observed, "interpreting the [Equal Access to Justice Act] to require fees in circumstances of this sort . . . would likely result in significant waste of judicial resources." *Spencer v. National Labor Relations Board, supra,* at 556 n. 60. Plaintiffs' application is accordingly denied.